



**U.S. Department of Justice**
*Billy J. Williams*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*   *(503) 727-1000*
*Portland, OR 97204-2902*   *Fax (503) 727-1117*

February 5, 2016

Thomas Price
Assistant Federal Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204
Thomas_Price@fd.org

Re:   *United States vs. Darren Bottinelli*   3:16-CR-00094-JO-1
Preindictment Plea Agreement Letter

Dear Counsel:

Per our discussions, this letter is a preindictment plea offer for your client, Darren Bottinelli. **This plea offer expires on February 29, 2016.** Also enclosed is the associated Felony Information and Waiver of Presentment. The Felony Information will be filed after acceptance of the agreement. The terms are as follows:

1.   **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**: Defendant agrees to plead guilty to Count One of the Information in which defendant is charged with theft in connection with health care in violation of 18 U.S.C. § 669.

3.   **Penalties**: The maximum sentence for Count One is ten (10) years of imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessments by the time of entry of guilty plea or to explain to the Court why this cannot be done.

4.   **Dismissal/No Prosecution**: The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.   **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Thomas Price
Bottinelli Plea Letter
Page 2

6.  **Elements:**   In order for the defendant to be found guilty of **Count 1, Theft in Connection with Health Care**, in violation of 18 U.S.C. § 669, the government must prove the following elements beyond a reasonable doubt: (1) the defendant embezzled, stole, or converted assets belonging to the Axis FlexAccount Plan ("the Plan"), a Health Reimbursement Account, (2) the Plan was a "health care benefit program" as defined in 18 U.S.C. § 24(b), (3) the defendant acted knowingly and willfully, (4) the amount was greater than $100, and (4) venue lies within the District of Oregon.

7.  **Admissions:**   Defendant admits each and every allegation alleged in the Felony Information, which is provided with this plea letter and incorporated as if set forth herein.

8.  **Relevant Conduct:**   The parties agree that under U.S.S.G. § 2B1.1(a), the base offense level is six (6), and that the offense level should be increased by sixteen (16) under U.S.S.G. § 2B1.1(b)(1) (I) because the loss exceeds $1,500,000.  Defendant acknowledges and agrees that the loss is ~~$3,101,552.00~~ ~~3,054,032.00~~ TP $3,093,918 TP and he will not contest loss at sentencing.

The parties agree that an increase of two (2) levels under U.S.S.G. § 2B1.1(a)(2)(A)(i) applies because the offense involved 10 or more victims.  The parties also agree that an increase of two (2) levels under U.S.S.G. § 3B1.3 applies because the offense involved theft or embezzlement from an employee welfare benefit plan and the defendant was a fiduciary of the benefit plan.

The government believes that this results in an offense level of **twenty-six (26)**. The defendant's criminal history category will be determined after the preparation of a Pre-Sentence Report.  The parties make no agreements about the defendant's criminal history category.

9.  **Acceptance of Responsibility:**  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10. **Low End Range:**   The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

11. **Departures, Adjustments, or Variances:**   The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guidelines range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant reserves the right to argue for any sentence defendant feels appropriate under the factors set forth in 18 U.S.C. § 3553, and the USAO reserves the right to oppose any sentence defendant argues for under 18 U.S.C. § 3553.  Defendant further agrees that defendant will provide the government with notice

Thomas Price
Bottinelli Plea Letter
Page 3

___

of: (1) the factual basis for any such sentence; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12. **Restitution**: Defendant understands that the Court, as provided by 18 U.S.C. §§ 3663 and 3664, will order restitution to each victim in the full amount of each victim's losses as determined by the Court, and without consideration of the economic circumstances of the defendant. Defendant agrees to restition in the amount of $3,101,552.00. Defendant further agrees that this restitution amount is the sum of the losses to approximately 3,977 separate AXIS employee plan participants. Defendant understands and agrees that the Court will order defendant to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the indictment or information dealing with such losses will be dismissed as part of this plea agreement.

13. **Financial Statement**: Defendant agrees to truthfully complete a financial statement form provided by the United States Attorney's Office, Financial Litigation Unit. Defendant shall date said form and sign it under penalty of perjury, thereby acknowledging that defendant's financial statement fully and completely discloses defendant's financial condition, and fully and completely discloses all assets owned or held directly or indirectly, individually or jointly by defendant, or in which defendant has any legal interest, regardless of title, including any interest held or owned under any other name, including trusts, partnerships or corporations, as of the date the financial statement is signed.

Defendant shall update the financial statement with any material changes to the defendant's financial condition. Defendant shall provide his signed and dated financial statement within 30 days of defendant's signature on this plea agreement and any updates within seven days of the event changing defendant's financial condition.

Defendant understands and agrees that defendant's financial statement will be used for the collection of any fine or restitution ordered by the Court, and for the identification of property subject to forfeiture. The parties agree that defendant's failure to timely and accurately complete and sign a financial statement, and any update thereto may, in addition to any other penalty or remedy authorized by law, constitute defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

14. **Transfer of Assets**: Financial disclosures by defendant shall also identify all assets held individually or jointly, directly or indirectly, valued at more than $1,000 which have been transferred to third parties since the date which is 60 days prior to the date of indictment or information, including the location of the assets and the identity of the third parties holding such assets, including third party trusts, partnerships and/or corporations. For transfers in excess of $50,000, defendant agrees to identify all such transfers of assets held individually or jointly,

Thomas Price
Bottinelli Plea Letter
Page 4

directly or indirectly, which have occurred since the date which is one year prior to the date of indictment or information.

Defendant agrees that defendant will notify the Financial Litigation Unit of the United States Attorney's Office before defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any other name, including trusts, partnerships and/or corporations.

15. **Examination and Credit Reports**: Defendant expressly authorizes the Financial Litigation Unit of the United States Attorney's Office to obtain credit reports as the Unit, in its discretion deems necessary, on defendant to verify the validity to the financial information provided. Such authorization shall be effective on the date this agreement is signed by defendant. Additionally, the defendant agrees to submit to examination under oath, and/or a polygraph examination by an examiner selected by the U.S. Attorney's office, on the issue of the defendants financial disclosures and assets.

16. **Waivers and Releases**: Upon filing of this plea agreement, defendant agrees to provide to the United States Attorney's office signed privacy waivers, consents and releases allowing the Financial Litigation Unit of the United States Attorney's Office access to any and all records to include but not limited to income tax returns and tax records, bank accounts, credit cards, insurance and all investment or retirement accounts.

17. **Probation and Pretrial Services Information**: By this agreement, defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information provided by the defendant to the United States Probation Office, and United States Pretrial Services, including any financial affidavit or financial statement completed by defendant.

18. **Life of Agreement**: Defendant understands and agrees that the financial reporting obligation agreed to herein will be in effect through any period of probation or supervised release, and shall continue until such time as any fine or restitution ordered by the Court is paid in full.

19. **No Limitation on Collections**: Defendant agrees that if the Court imposes a schedule of payments, defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

20. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on

appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

21. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

22. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposing party.

23. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

24. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

25. **Deadline**: The USAO may revoke this plea at any time prior to entry of defendant's guilty plea, and it expires, if not accepted, by **February 29, 2016, at 5:00 p.m.**

Sincerely,

BILLY J. WILLIAMS
United States Attorney

DONNA BRECKER MADDUX
Assistant United States Attorney

Thomas Price
Bottinelli Plea Letter
Page 6

---

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

2/29/16
Date

DARREN BOTTINELLI
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/29/16
Date

THOMAS PRICE
Attorney for Defendant